**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LOUIS VUITTON MALLETIER S.A.S., <br><br>       Plaintiff, <br><br>   v. <br><br> WNF INC., XIN FENG ZHUANG, and XIU YUN WANG, <br><br>       Defendants. | Civil Action No. 18-2810 (TJK) |

**FIRST AMENDED COMPLAINT FOR TRADEMARK COUNTERFEITING,**
**TRADEMARK INFRINGEMENT, TRADEMARK DILUTION,**
**FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION**

Plaintiff Louis Vuitton Malletier S.A.S. ("Louis Vuitton"), by its attorneys, Steptoe &

Johnson LLP, complains and alleges against Defendants WNF Inc. ("WNF"), Xin Feng Zhuang

("Mr. Zhuang"), an individual, and Xiu Yun Wang, also known as Sally or Sucy Wang ("Ms.

Wang"), an individual (WNF, Mr. Zhuang and Ms. Wang collectively, "Defendants"), as

follows:

**NATURE OF THE DISPUTE**

1.   Louis Vuitton brings this suit against Defendants for trademark counterfeiting,

trademark infringement, trademark dilution, unfair competition, and the use of false designations

of origin pursuant to Sections 32(1)(a), 43(a) and 43(c) of the Lanham Act, 15 U.S.C. §§ 1114,

1125(a) and (c) and the common law of the District of Columbia. Louis Vuitton seeks

preliminary and permanent injunctions and damages arising from Defendants' importing,

supplying, distributing, selling and offering for sale counterfeit goods bearing counterfeit Louis

Vuitton trademarks. Because Defendants' conduct is knowing and intentional, Louis Vuitton is also entitled to treble damages, statutory damages for counterfeiting, and its attorneys' fees.

2.      Defendants are egregious counterfeiters operating a large-scale counterfeiting ring in Washington, D.C.  Upon information and belief, Defendants have imported, sold and/or distributed a substantial volume of counterfeit goods bearing luxury brand trademarks — including those of Louis Vuitton.  Defendants' counterfeit goods bear images identical or nearly identical to several of Louis Vuitton's famous and distinctive trademarks.

3.      By these actions, Defendants seek to profit from several of Louis Vuitton's most famous and iconic trademarks, in which Louis Vuitton has invested millions of dollars.  Louis Vuitton's trademarks have been promoted extensively throughout the United States including at fashion shows, in fashion publications, through catalogs and other promotional materials, and through Internet advertising.  Based on this significant media exposure, Louis Vuitton's trademarks are some of the most recognized luxury brand trademarks in the United States.

4.      Defendants, through their actions, are intentionally exploiting the goodwill associated with Louis Vuitton's trademarks for their own commercial gain.  Defendants' blatant use of logos identical or nearly identical to Louis Vuitton's trademarks on handbags, purses, belts and other types of products infringes Louis Vuitton's trademarks, dilutes the value and distinctiveness of these important assets, confuses consumers, and unfairly competes with Louis Vuitton.  These intentional and willful violations of state and federal law warrant the issuance of preliminary and permanent injunctive relief by this Court and an award of compensatory and punitive damages, as well as attorneys' fees against WNF and against Mr. Zhuang and Ms. Wang, personally.

## THE PARTIES

### A.  Louis Vuitton

5.      Louis Vuitton is a Société par Actions Simplifiées duly organized and existing under the laws of France with a principal place of business at 2 Rue du Pont Neuf, Paris, France. Louis Vuitton is engaged, *inter alia*, in the manufacture, importation, sale and distribution in interstate and foreign commerce, including within this judicial district, of prestigious luxury merchandise including, without limitation, handbags, belts, wallets, and other fashion accessories. Louis Vuitton maintains a retail shop within this judicial district at 943 Palmer Alley NW, Suite 307, Washington, DC 20001.

6.      Louis Vuitton is the sole and exclusive distributor in the United States of goods bearing Louis Vuitton trademarks including, without limitation, handbags, wallets, belts and other fashion accessories.

### B.  Defendants

7.      Upon information and belief, Defendant WNF is a District of Columbia Corporation registered and doing business at 1322 5th Street NE, Washington, DC 20002.

8.      Upon information and belief, Defendant Ms. Wang is the incorporator and a governor of WNF and a manager of the store located at 1322 5th Street NE, Washington, DC 20002 and resides at 14609 Pommel Drive, Rockville, MD 20850.

9.      Upon information and belief, Defendant Mr. Zhuang is a manager of WNF and resides at 14609 Pommel Drive, Rockville, MD 20850.

### C.  Jurisdiction and Venue

10.     This action is based on Section 32(1)(a) of the United States Trademark Act of 1946, as amended, (the "Lanham Act"), 15 U.S.C. § 1114, Sections 43(a) and (c) of the Lanham Act, 15 U.S.C. § 1125(a) and (c), and the common law of the District of Columbia.

11.     This Court has subject matter jurisdiction over this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1332 and 1338(a) for the claims arising out of the violations of Sections 32(1)(a) and 43(a) and (c) of the Lanham Act; has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for the claims arising under the common law of the District of Columbia; and has jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367 for the claims under the common law of unfair competition.

12.     This Court has personal jurisdiction over WNF because the location in which it has sold and offered for sale counterfeit Louis Vuitton products at 1320-22 5th Street NE, Washington, DC 20002 is in this judicial district, and because WNF is incorporated in the District of Columbia at 1322 5th Street NE, Washington, DC 20002.

13.     This Court has personal jurisdiction over Xin Feng Zhuang and Xiu Yun Wang. Mr. Zhuang and Ms. Wang are moving, active and conscious forces behind the infringement of the Louis Vuitton trademarks at 1320-22 5th Street NE, Washington, DC 20002, as alleged herein, and have personally and knowingly sold counterfeit Louis Vuitton products in this judicial district.  Upon information and belief, Ms. Wei is a governor of WNF.

14.     Personal jurisdiction over each of the corporate and individual Defendants is therefore proper in this judicial district.

15.     Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this district.

## FACTUAL BACKGROUND

### A. Louis Vuitton and the Louis Vuitton Trademarks

16. Since its founding in 1854 in Paris as a luggage and trunks business, Louis Vuitton has grown into one of the world's premiere fashion houses, known for its high-quality handbags, luggage, belts, wallets, jewelry, watches, and many other fashion and luxury goods. Louis Vuitton is engaged in the business of designing, manufacturing, and marketing luxury products that it sells throughout the United States through its website at www.louisvuitton.com, in its own stores, and in company-owned and operated boutiques located in high-end retail stores, such as Neiman Marcus and Saks Fifth Avenue.

17. The LOUIS VUITTON word mark is one of the most famous trademarks in the United States and the world. It has been used continuously by Louis Vuitton for over one hundred and forty years, and in the United States for over ninety years, in connection with Louis Vuitton's high-quality luxury products. The LOUIS VUITTON word mark often appears in commerce in the following font:

# LOUIS VUITTON

18. Louis Vuitton's highly distinctive "LV" logo mark — consisting of the interlocking stylized letters "L" and "V"— is also one of the most famous trademarks in the United States and the world.  LV logo mark is shown below:



It has been used continuously by Louis Vuitton for over one hundred and fifteen years, and in the United States for nearly ninety years, in connection with Louis Vuitton's high-quality luxury products.

19.     Louis Vuitton has also continuously used for decades throughout the world and in the United States the following renowned "Flower" design marks — consisting of stylized flower designs —in connection with its high-quality luxury products (the "Flower Trademarks"):



20.     Louis Vuitton has also continuously used for decades throughout the world and in the United States the following renowned "Damier" design marks — consisting of a distinctive checkered pattern of light and dark colors, with unusual contrasts of weft and warp, appearing over the surface of the product — in connection with its high-quality luxury products (the "Damier Trademarks"):



21.     Louis Vuitton owns federal registrations for each of the aforementioned trademarks (collectively, the "Louis Vuitton Trademarks") for handbags, belts, wallets and other products.  Attached as **Exhibit A** are copies of the registration certificates for U.S. Trademark Reg. Nos. 297,594; 1,519,828; 1,990,760; 2,181,753; 2,255,321; 2,361,695; 2,399,161; 2,773,107; 3,021,231; 3,107,072; 3,576,404; 3,904,444; and 4,192,541 issued by the U.S. Patent and Trademark Office. The registrations for the Louis Vuitton Trademarks are in full force and effect.

22.     The registrations for the Louis Vuitton Trademarks are incontestable pursuant to 15 U.S.C. § 1065.

6

23.     Louis Vuitton has invested millions of dollars and decades of time and effort to create consumer recognition in the Louis Vuitton Trademarks and to ensure that the public, not only in the United States but throughout the world, associates the Louis Vuitton Trademarks with high-quality, luxury goods emanating exclusively from Louis Vuitton.

24.     As a result of the wide renown acquired by the Louis Vuitton Trademarks, Louis Vuitton's worldwide reputation for high-quality luxury goods, and the extensive sales of various products featuring the Louis Vuitton Trademarks, the Louis Vuitton Trademarks have become famous in the mind of the purchasing public within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), exclusively identifying the products offered under the Louis Vuitton Trademarks with a single source. The Louis Vuitton Trademarks, and the goodwill associated therewith, are of inestimable value to Louis Vuitton.

**D.     Defendants' Infringing Use of the Louis Vuitton Trademarks**

25.     Defendants, WNF, Mr. Zhuang and Ms. Wang, have acted in concert and conspired together to sell handbags, belts, wallets, and other products bearing counterfeits of the Louis Vuitton Trademarks out of a store and warehouse located at 1320-22 5th Street NE, Washington, DC 20002.  Defendants also operate under the name JZZ Inc., a former District of Columbia corporation.  Ms. Wang was a governor of JZZ Inc.  Each of the individual defendants, Mr. Zhuang and Ms. Wang, have personally taken part and have directed employees to sell and offer for sale of products bearing counterfeits of the Louis Vuitton Trademarks, knowing that the sales and offering for sale of such counterfeit products was wrongful and infringe Louis Vuitton's rights to its Louis Vuitton Trademarks.  Upon information and belief, the vast majority of Defendants' business is derived from the sale of handbags and other related products bearing counterfeits and infringements of several famous luxury brand trademarks, including the Louis Vuitton Trademarks.

26.     Upon information and belief, Defendants have also been receiving shipments of goods from China and Hong Kong and operating out of other locations in the District of Columbia.

27.     Upon information and belief, Defendants have been importing, distributing, promoting, supplying, selling and offering for sale thousands of counterfeit goods and passing them off as genuine Louis Vuitton products through the use of counterfeits and close simulations of the Louis Vuitton Trademarks.

28.     The wide range of counterfeit Louis Vuitton products offered for sale by Defendants and the number of Louis Vuitton Trademarks infringed upon by Defendants' counterfeit product line demonstrate that Defendants' infringing and counterfeiting activities are willful.  Below are examples of products bearing counterfeits of Louis Vuitton Trademarks purchased at Defendants' 1320-22 5th Street NE, Washington, DC 20002 location pictured alongside genuine Louis Vuitton products:

| Examples of Genuine Louis Vuitton Products | Examples of Defendants' Counterfeit Products |
|---|---|







29.     Upon information and belief, Defendants' counterfeit Louis Vuitton goods are manufactured in and imported from China, despite bearing designations such as "made in France" and "Paris."

30.     Defendants take measures to keep their counterfeiting operations covert.  There is no signage on the outside of the store/warehouse location at 1320-22 5th Street NE, Washington, DC 20002.  Only generic merchandise is visible in the front of the store.  The large quantities of counterfeit Louis Vuitton and other merchandise bearing famous brands are kept in locked or hidden rooms, or hidden among generic no-name products.  Also, Louis Vuitton branded shirts, bags and other merchandise were observed in boxes marked "Made in China."  These actions

further demonstrate Defendants' willful trafficking in counterfeit goods and their conscious

illegal activities and violations of Louis Vuitton's rights.

## FIRST CLAIM FOR RELIEF

### Trademark Counterfeiting in Violation of Section 32 of the Lanham Act

31.    Louis Vuitton hereby incorporates by reference and realleges each and every

allegation of Paragraphs 1 through 30 above.

32.    Defendants have used in commerce spurious designations that are identical with,

or substantially indistinguishable from, the Louis Vuitton Trademarks on goods for which Louis

Vuitton holds federal registrations, including registrations for handbags, belts, and wallets.

Defendants have used these spurious designations in commerce in connection with the

importation, distribution, promotion, offer for sale, and sale of goods for their financial gain.

Defendants' egregious conduct makes this an exceptional case under Section 35 of the Lanham

Act, 15 U.S.C. § 1117.

33.    Louis Vuitton has not authorized Defendants' use of the Louis Vuitton

Trademarks including in connection with the importation, distribution, sale and offering for sale

of Defendants' counterfeit products.

34.    Defendants' unauthorized use of the Louis Vuitton Trademarks is likely to:

(a)    cause confusion, mistake and deception;

(b)    cause the public to believe that Defendants' counterfeit products are Louis
Vuitton products or are authorized, sponsored or approved by Louis
Vuitton or that Defendants are affiliated, connected or associated with or
in some way related to Louis Vuitton; and

(c)    result in Defendants unfairly benefiting from Louis Vuitton's goodwill
and reputation, to the substantial and irreparable injury of the public,
Louis Vuitton, and its respective trademarks and the substantial goodwill
represented thereby.

35.     Defendants' acts as described in this Complaint constitute trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

36.     Defendants' acts have caused, and will continue to cause, irreparable injury to Louis Vuitton. Louis Vuitton has no adequate remedy at law and is thus damaged in an amount not yet determined.

## SECOND CLAIM FOR RELIEF

### Trademark Infringement in Violation of Section 32 of the Lanham Act

37.     Louis Vuitton hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 30 above.

38.     Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), prohibits any person from using in commerce, without the consent of the registrant, a trademark or any reproduction, counterfeit, copy or colorable imitation thereof in connection with the marketing, advertising, distribution, or sale of goods or services which is likely to result in confusion, mistake, or deception.

39.     The Louis Vuitton Trademarks are federally registered. These marks are distinctive and are associated in the mind of the public exclusively with Louis Vuitton.

40.     Defendants have used the registered Louis Vuitton Trademarks without Louis Vuitton's consent or authorization. Defendants' use, including the sale and distribution of infringing products in interstate commerce, is likely to cause confusion and mistake in the mind of the public, leading the public to believe that Defendants' products emanate or originate from Louis Vuitton, that Defendants are Louis Vuitton, or that Louis Vuitton has approved, sponsored or otherwise associated itself with Defendants or their counterfeit and infringing products.

41.     Through their unauthorized use of copies of the Louis Vuitton Trademarks, Defendants are unfairly benefiting from Louis Vuitton's advertising and promotion of the Louis Vuitton Trademarks. Defendants' unauthorized use of copies of the Louis Vuitton Trademarks has resulted in substantial and irreparable injury to the public, Louis Vuitton, the Louis Vuitton Trademarks, and Louis Vuitton's business reputation and goodwill.

42.     Defendants' acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

43.     Defendants' acts have caused, and will continue to cause, irreparable injury to Louis Vuitton.  Louis Vuitton has no adequate remedy at law and is thus damaged in an amount not yet determined.

### THIRD CLAIM FOR RELIEF

**False Designations of Origin and
False Descriptions and Representations
in Violation of Section 43(a) of the Lanham Act**

44.     Louis Vuitton hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 30 above.

45.     Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), prohibits, *inter alia*, the use by a person of a false or misleading designation of origin or representation in connection with the offering for sale and sale of goods which is likely to cause confusion, mistake or deception as to the affiliation, connection, or association of such person with another person, or which is likely to cause confusion, mistake, or deception as to the origin, source, sponsorship or approval of such goods.

46.     By making unauthorized use, in interstate commerce, of the Louis Vuitton Trademarks and the false geographic designations "Paris," and "Made in France" in connection

with the sale of their goods, Defendants have used false designations of origin and false representations in connection with the importation, distribution, offer for sale and sale of goods that are likely to cause confusion, mistake or deception as to the affiliation or connection of Defendants with Louis Vuitton and as to the origin, sponsorship, association or approval of Defendants' goods by Louis Vuitton in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47.     Defendants' wrongful acts will continue unless enjoined by this Court.

48.     Defendants' acts have caused, and will continue to cause, irreparable injury to Louis Vuitton. Louis Vuitton has no adequate remedy at law and is thus damaged in an amount not yet determined.

## FOURTH CLAIM FOR RELIEF

### Dilution Under Section 43(c) of the Lanham Act

49.     Louis Vuitton hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 30 above.

50.     Each of the Louis Vuitton Trademarks is famous and distinctive within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and have been famous and distinctive since long before Defendants used the spurious marks on counterfeit goods at issue in this case.

51.     Defendants' aforesaid use of counterfeits and close simulations of the Louis Vuitton Trademarks constitutes use of those trademarks in commerce. Louis Vuitton has not authorized or licensed such uses.

52.     Defendants' counterfeit marks are so similar to the famous Louis Vuitton Trademarks that they have impaired or are likely to impair in the minds of consumers the

distinctiveness of the Louis Vuitton Trademarks. Defendants' use of the Louis Vuitton

Trademarks thereby dilutes or is likely to dilute the distinctive quality of those marks and to

lessen the capacity of such marks to exclusively identify and distinguish Louis Vuitton's

products.

53.     Defendants' unlawful use of its spurious copies of the Louis Vuitton Trademarks

in connection with inferior, counterfeit goods is also likely to tarnish the reputation of the Louis

Vuitton Trademarks through unsavory or unflattering associations with those goods by

consumers.

54.     By the acts described above, Defendants have intentionally and willfully diluted,

and/or are likely to dilute, the distinctive quality of the famous Louis Vuitton Trademarks in

violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

55.     Defendants' wrongful acts will continue unless enjoined by this Court.

56.     Defendants' acts have caused, and will continue to cause, irreparable injury to

Louis Vuitton. Louis Vuitton has no adequate remedy at law and is thus damaged in an amount

not yet determined.

## FIFTH CLAIM FOR RELIEF

### Trademark Infringement in Violation of Common Law

57.     Louis Vuitton hereby incorporates by reference and realleges each and every

allegation of Paragraphs 1 through 30 above.

58.     By the acts described above, Defendants have engaged in trademark infringement

in violation of the common law of the District of Columbia.

59.     Defendants' acts have caused, and will continue to cause, irreparable injury to Louis Vuitton. Louis Vuitton has no adequate remedy at law and is thus damaged in an amount not yet determined.

## SIXTH CLAIM FOR RELIEF

### Unfair Competition in Violation of Common Law

60.     Louis Vuitton hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 30 above.

61.     By the acts described above, Defendants have intentionally engaged in unfair competition in violation of the common law of the District of Columbia.

62.     Defendants' acts have caused, and will continue to cause, irreparable injury to Louis Vuitton.  Louis Vuitton has no adequate remedy at law and is thus damaged in an amount not yet determined.

## SEVENTH CLAIM FOR RELIEF (Defendant Xin Feng Zhuang)

### Direct, Contributory and Vicarious Liability – All Counts

63.     Louis Vuitton hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 30 above.

64.     Upon information and belief, Defendant Xin Feng Zhuang has jointly acted with and knowingly encouraged and facilitated the infringing and illegal acts of Defendants WNF and Xiu Yun Wang herein alleged and has benefitted directly from such acts.  As a result, Defendant Xin Feng Zhuang is jointly and severally liable with Defendants WNF and Xiu Yun Wang under Counts One through Six of the Complaint.

## EIGHTH CLAIM FOR RELIEF (Defendant Xiu Yun Wang)

### Direct and Vicarious Liability – All Counts

65.     Louis Vuitton hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 30 above.

66.     Upon information and belief, Defendant Xiu Yun Wang has jointly acted with and knowingly encouraged and facilitated the infringing and illegal acts of Defendants WNF and Xin Feng Zhuang herein alleged and has benefitted directly from such acts.  As a result, Defendant Xiu Yun Wang is jointly and severally liable with Defendants WNF and Xin Feng Zhuang under Counts One through Six of the Complaint.


**WHEREFORE**, Louis Vuitton prays:

A.     For judgment that Defendants WNF Inc., Xin Feng Zhuang, and Xiu Yun Wang:

    (i)     have counterfeited and infringed the Louis Vuitton Trademarks in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(a);

    (ii)     have violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

    (iii)     have violated Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c);

    (iv)     have engaged in trademark infringement in violation of the common law of the District of Columbia; and

    (v)     have engaged in unfair competition and false advertising in violation of the common law of the District of Columbia.

B.     That a preliminary and permanent injunction be issued enjoining and restraining Defendants WNF Inc., Xin Feng Zhuang, and Xiu Yun Wang, and their officers, agents, servants, employees and attorneys and all those in active concert or participation with them, from:

    (i)     Using the Louis Vuitton Trademarks or any other reproduction, counterfeit, copy or colorable imitation of the Louis Vuitton Trademarks on or in connection with any goods or services;

(ii)      Engaging in any course of conduct likely to cause confusion, deception or mistake, or to dilute the distinctive quality of the Louis Vuitton Trademarks;

(iii)      Using the designations "Paris," "Made in France" or any other false designation or representation of origin in connection with the offering for sale or sale of goods or false description or representation including words or other symbols tending falsely to describe or represent Defendants WNF Inc., Xin Feng Zhuang, and Xiu Yun Wang as Louis Vuitton or associated with or connected to Louis Vuitton, or Defendants' goods or their packaging as being those of Louis Vuitton, or sponsored by or as being associated with Louis Vuitton, and from offering such goods into commerce;

(iv)      Using any simulation, reproduction, counterfeit, copy or colorable imitation of the Louis Vuitton Trademarks in connection with the promotion, advertisement, display, sale, offer for sale, manufacture, production, importation, circulation, or distribution of any products or their packaging;

(v)      Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products imported, manufactured, distributed, advertised, promoted, offered for sale or sold by Defendants WNF Inc., Xin Feng Zhuang, or Xiu Yun Wang are in any manner associated or connected with Louis Vuitton, or that Defendants WNF Inc., Xin Feng Zhuang, or Xiu Yun Wang are Louis Vuitton or are associated with or connected to Louis Vuitton;

(vi)      Destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importation, manufacture, production, distribution, circulation, sale, marketing, offer for sale, advertising, promotion, rental or display of all unauthorized products which infringe the Louis Vuitton Trademarks; and

(vii)      Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (i) through (vi).

C.      For the entry of an order directing Defendants WNF Inc., Xin Feng Zhuang, and Xiu Yun Wang to deliver up for destruction to Louis Vuitton all products, advertisements, promotional materials, and packaging in their possession or under their control bearing any of the Louis Vuitton Trademarks, or any simulation, reproduction, counterfeit, copy or colorable

imitation thereof, or any false designation of origin or false representation, and all plates, molds, matrices and other means of production of same pursuant to 15 U.S.C. § 1118.

D.      For the entry of an order directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that Defendants WNF Inc., Xin Feng Zhuang, or Xiu Yun Wang, or any products or associated packaging manufactured, imported, distributed, advertised, promoted, offered for sale, sold or otherwise handled by Defendants WNF Inc., Xin Feng Zhuang, or Xiu Yun Wang, are authorized by Louis Vuitton or related in any way to Louis Vuitton's products or to Louis Vuitton.

E.      For an award to Louis Vuitton of (a) the damages suffered by Louis Vuitton, trebled; (b) all profits that Defendants WNF Inc., Xin Feng Zhuang and Xiu Yun Wang have derived while using copies of the Louis Vuitton Trademarks, trebled; (c) costs and attorneys' fees to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117; (d) alternatively, statutory damages pursuant to 15 U.S.C. § 1117(c) of up to $2,000,000 for each trademark that Defendants WNF Inc., Xin Feng Zhuang and Xiu Yun Wang have counterfeited; and (e) punitive damages to the full extent available under the law.

F.      For costs of suit, and for such other and further relief as the Court shall deem appropriate.

Dated:  January 22, 2019
        Washington, DC

By:

Michael J. Allan (DC Bar No. 470278)
William G. Pecau (DC Bar No. 478341)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-6749
(212) 429-3902
mallan@steptoe.com
wpecau@steptoe.com

*Attorneys for Plaintiff Louis Vuitton*
*Malletier S.A.S.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 22nd day of January, 2019, I electronically filed a true and correct copy of Plaintiff Louis Vuitton Malletier S.A.S.'s *First Amended Complaint for the Trademark Counterfeiting, Trademark Infringement, Trademark Dilution, False Designation of Origin, and Unfair Competition* with all attachments with the Clerk of the District Court using the CM/ECF system, which sent notification of such filings to all counsel of record in this matter.

By:      /s/ *Michael J. Allan*
Michael J. Allan (DC Bar No. 470278)
William G. Pecau (DC Bar No. 478341)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-6749
(212) 429-3902
mallan@steptoe.com
wpecau@steptoe.com

*Attorneys for Plaintiff*
*Louis Vuitton Malletier S.A.S.*