UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LOUIS VUITTON MALLETIER S.A.S., <br><br> *Plaintiff*, <br><br> v. <br><br> WNF, INC. *et al.*, <br><br> *Defendants*. | Civil Action No. 18-2810 (TJK) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Louis Vuitton filed this lawsuit against Defendants, alleging that they operated a large-scale counterfeiting business that imported, sold, and distributed counterfeit goods bearing its luxury brand trademarks. In the operative complaint, Plaintiff brings seven causes of action against Defendant Xin Feng Zhuang, including various claims under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), 1125(c), and the common law of the District of Columbia. Before the Court is Zhuang's motion to dismiss the complaint for lack of personal jurisdiction, improper venue, and failure to state a claim under Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6), respectively. For the reasons explained below, the Court will deny Zhuang's motion in its entirety.

**I.  Lack of Personal Jurisdiction**

Zhuang first argues that this Court lacks personal jurisdiction over him because he is a resident of Maryland, and he "does not own any businesses, real property or pay taxes in the District of Columbia." ECF No. 23-1 at 3–4. "To establish personal jurisdiction over a non-resident, a court must engage in a two-part inquiry: A court must first examine whether jurisdiction is applicable under the state's long-arm statute and then determine whether a finding of jurisdiction satisfies the constitutional requirements of due process." *GTE New Media Servs.*

*Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000).  At the motion to dismiss stage, the plaintiff need only make a *prima facie* showing of the factual basis for asserting personal jurisdiction over a defendant.  *See Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990).  The plaintiff can make that showing through "arguments on the pleadings, 'bolstered by such affidavits and other written materials as [the plaintiff] can otherwise obtain.'"  *Urban Inst. v. FINCON Servs.*, 681 F. Supp. 2d 41, 44 (D.D.C. 2010) (quoting *Mwani v. bin Laden*, 417 F.3d 1, 7 (D.C. Cir. 2005)).  And the Court must resolve all "factual discrepancies appearing in the record . . . in favor of the plaintiff."  *Crane*, 894 F.2d at 456.

As relevant here, the District of Columbia's long-arm statute provides that "[a] District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's . . . transacting any business in the District of Columbia."  D.C. Code § 13–423.  Plaintiff's operative complaint alleges that Zhuang and the other Defendants ran a counterfeiting business at 1320-22 Fifth Street N.E. in the District of Columbia.  *See, e.g.*, ECF No. 20 ¶¶ 7, 9, 12, 13, 28.  Further, Plaintiff's investigator asserts in a sworn declaration that he bought counterfeit Louis Vuitton merchandise from Zhuang at that location on two occasions.  ECF No. 27-1 ¶¶ 6–8, 10–12.  These allegations plainly arise from Zhuang's "transacting . . . business in the District of Columbia," D.C. Code § 13–423, so his alleged conduct falls within the long-arm statute.

To satisfy the second step of the inquiry, the Court must determine whether exercising personal jurisdiction would comport with the Due Process Clause of the Fifth Amendment. Plaintiff's burden is to "show 'minimum contacts' between the defendant and the forum establishing that 'the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'"  *GTE New Media*, 199 F.3d at 1347 (quoting *Int'l Shoe Co. v. Washington*,

326 U.S. 310, 316 (1945)). This standard is met when "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

As previously described, Plaintiff alleges that Zhuang helped run a counterfeiting business in the District of Columbia, and that its investigator bought counterfeit merchandise from him in the District of Columbia. Thus, Plaintiff has easily shown that Zhuang certainly ought to "anticipate being haled into court" here. *World-Wide Volkswagen*, 444 U.S. at 297. For his part, Zhuang denies any involvement in operating the counterfeiting business or in selling counterfeit goods at its location. *See* ECF No. 23-3. But at this stage, the Court must resolve factual disputes in Plaintiff's favor. *Crane*, 894 F.2d at 456. The Court will therefore deny Zhuang's motion to dismiss for lack of personal jurisdiction because Plaintiff has made out the requisite *prima facie* case.

## II. Improper Venue

Zhuang also moves to dismiss the complaint for improper venue. ECF No. 23-1 at 4. Under Rule 12(b)(3), a case may be dismissed "when venue is 'wrong' or 'improper' in the forum in which it was brought." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 134 S. Ct. 568, 577 (2013). If venue is improper, the case must either be dismissed or, if it is "in the interest of justice," be transferred to any district in which it could have been brought. 28 U.S.C. § 1406(a). As relevant here, venue is proper where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

In evaluating a motion to dismiss for improper venue, the Court "accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor and resolves any factual conflicts in the plaintiff's favor." *James v. Verizon Servs. Corp.*, 639 F. Supp. 2d 9, 11 (D.D.C. 2009). The Court may also

consider material outside the pleadings.  *Herbert v. Sebelius*, 925 F. Supp. 2d 13, 17 (D.D.C. 2013).  "To prevail on a motion to dismiss for improper venue, the defendant must present facts that will defeat the plaintiff's assertion of venue."  *Khalil v. L–3 Commc'ns Titan Grp.*, 656 F. Supp. 2d 134, 135 (D.D.C. 2009) (quoting *James*, 639 F. Supp. 2d at 11).  Still, the burden remains on the plaintiff to establish that venue is proper.  *Williams v. GEICO Corp.*, 792 F. Supp. 2d 58, 62 (D.D.C. 2011).

Zhuang argues that "Plaintiff [has] failed to provide any proof or allege any specific fact to support the claim against Defendant Zhuang that a substantial part of the actions giving rise to the claims in the Amended [Complaint] occurred in this judicial district."  ECF No. 23-1 at 4.  This argument simply ignores the operative complaint.  The gist of that complaint, as already described, is that Defendants operated a counterfeiting business at 1320-22 Fifth Street N.E., Washington, D.C., located in this judicial district.  *See* ECF No. 20 ¶¶ 7, 9, 12, 13, 28.  Moreover, Plaintiff's investigator asserts that Zhuang personally sold him counterfeit merchandise at that location two times.  *See* ECF No. 27-1.  And although Zhuang has denied doing so, *see* ECF No. 23-3, at this stage, the Court must resolve factual conflicts in Plaintiff's favor.  Therefore, Plaintiff has carried its burden of showing that venue is proper because "a substantial part of the events or omissions giving rise to the claim occurred" in this judicial district.  28 U.S.C. § 1391(b)(2).  The Court will thus deny Zhuang's motion to dismiss for improper venue.

### III. Failure to State a Claim

Finally, Zhuang moves to dismiss the complaint for failure to state a claim.  ECF No. 23-1 at 4–11.  A court will deny a motion to dismiss under Rule 12(b)(6) when the "complaint . . . contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

4

U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, a plaintiff need not plead "detailed factual allegations," but must specify more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "In evaluating a Rule 12(b)(6) motion, the Court must construe the complaint 'in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged.'" *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979)).

Zhuang argues that although Plaintiff's complaint alleges that he is directly, contributorily, and vicariously liable for trademark infringement, it fails to plead the "elements" of those three types of liability. ECF No. 23-1 at 5. But in fact, the complaint adequately alleges facts supporting all those theories such that the Court may "draw the reasonable inference that the defendant is liable" under them. *Iqbal*, 556 U.S. at 678. As for direct liability, the complaint alleges that Defendants, including Zhuang, directly infringed on Plaintiff's trademarks through their counterfeiting business. ECF No. 20 ¶¶ 25–62. Specifically, the complaint alleges that Zhuang "personally and knowingly" sold counterfeit Louis Vuitton products there. *Id.* ¶ 13. As for the other two theories, "[o]ne infringes contributorily by intentionally inducing or encouraging direct infringement . . . and infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it." *Metro-Goldwin-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005) (citations omitted). The complaint also adequately alleges that Zhuang is liable under those theories, largely through his alleged role as a manager of the counterfeiting business. ECF No. 20 ¶ 9. For example, it alleges that, as part of the business:

- Zhuang and the other Defendants "acted in concert and conspired together to sell handbags, belts, wallets, and other products bearing counterfeits of the Louis Vuitton Trademarks," *id.* ¶ 25;

- Zhuang "personally [took] part and . . . directed employees to sell and offer for sale . . . products bearing counterfeits of the Louis Vuitton Trademarks, knowing that the sales and offering for sale of such counterfeit products was wrongful," *id.*; and

- Zhuang "jointly acted with and knowingly encouraged and facilitated the infringing and illegal acts of Defendants WNF and Xiu Yun Wang herein alleged and has benefitted directly from such acts," *id.* ¶ 64.

As a result, the allegations in the operative complaint are specific enough to explain Plaintiff's theories of direct, contributory, and vicarious liability against Zhuang, and they "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The Court will therefore deny Zhuang's motion to dismiss the complaint for failure to state a claim.

## IV. Conclusion

For the above reasons, it is hereby **ORDERED** that Zhuang's Amended Motion to Dismiss (ECF No. 23) is **DENIED**.

**SO ORDERED.**

/s/ Timothy J. Kelly<br>
TIMOTHY J. KELLY<br>
United States District Judge

Date: June 7, 2019